UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan GONZALEZ–LOPEZ,
Defendant–Appellant.

No. 05–40757.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 12, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Juan Gonzalez–Lopez (Gonzalez) pleaded guilty to count 1 of an indictment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

charging him with entering the United States illegally following deportation. Gonzalez was sentenced to a 45-month term of imprisonment and to a three-year period of supervised release. Gonzalez gave timely notice of his appeal.

Gonzalez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gonzalez's argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in which the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. Although Gonzalez contends that a majority of the Supreme Court would now consider *Almendarez–Torres* to be incorrectly decided in light of *Apprendi,* "[t]his court has repeatedly rejected arguments like the one made by [Gonzalez] and has held that *Almendarez–Torres* remains binding despite *Apprendi.*" *United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez concedes as much, but he raises the argument to preserve it for further review.

AFFIRMED.